# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LOUIE BERNARDO,**

   **Plaintiff,**

**vs.**          **CASE NO.:**

**HD SUPPLY, INC.,**

    **Defendant.**   **/**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, LOUIE BERNARDO ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, HD SUPPLY, INC., ("Defendant"), and states as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA"), the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, punitive damages, reasonable attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

2. Plaintiff brings a claim for discrimination, interference, and retaliation

against Defendant who subjected Plaintiff to workplace discrimination and retaliation because of his wife's medical condition and his need for medical leave.

3. Plaintiff was wrongfully terminated because of the culmination of discrimination and retaliation against him.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendant in Polk County, Florida.

5. The illegal conduct complained of, and the resultant injury, occurred within the judicial district in and for Polk County, Florida.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

7. On February 4, 2026, the EEOC issued its right-to-sue letter. Therefore, this Complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## PARTIES

8. Plaintiff is an adult individual who resides in Polk County, Florida.

9. From approximately May 15, 2023, until his termination on June 24, 2024, Plaintiff was employed by Defendant as a Shipping Supervisor.

10. Defendant, is and was at all relevant times, operating in Polk County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this

Court.

11. At all times material to this action, Defendant, was and continues to be, a for profit corporation.

12. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

13. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

14. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the ADA.

15. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

16. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FMLA.

17. Defendant is an employer under the FMLA because it was engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

18. At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within a 75-mile radius.

19. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period.

## GENERAL ALLEGATIONS

20.    At all material times, Defendant acted with malice and with reckless disregard for Plaintiff's federally protected rights.

21.    Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

22.    Plaintiff was employed with Defendant as a Shipping Supervisor from May 15, 2023, until his unlawful termination on June 24, 2024.

23.    During his employment, Plaintiff reported to, and communicated with, Operations Manager Andrew Newman, regarding schedule and attendance issues.

24.    On or about June 6, 2024, Plaintiff informed Mr. Newman via text message that Plaintiff would be arriving late to work because Plaintiff's wife needed medical testing.

25.    During this time, Plaintiff explained to Defendant that he would need to leave work often in order to take his wife to her medical appointments.

26.    On or about June 10, 2024, while Plaintiff was at the hospital with his wife, a temporary employee misplaced twelve (12) pallets on the wrong truck.

27.    Despite Plaintiff not being present when the misplacement occurred, Defendant issued Plaintiff a written warning related to that incident.

28.    Additionally, on or about June 10, 2024, Plaintiff communicated with Mr. Newman about a workplace conflict involving a new employee, Mitchell Smith, and a lead worker, Joe Rogers.

29.    In the scope of his supervisory role, Plaintiff directed Mr. Smith to follow the directives of his lead worker, Mr. Rogers.

30.    During the week of June 15, 2024, Plaintiff's wife was diagnosed with cancer and lupus.

31.    After learning of his wife's diagnosis, and as his wife's only caretaker, Plaintiff informed Defendant's management, including Danny Ortiz, the Distribution Center Supervisor Manager, and Mr. Newman, of her diagnosis the very same day.

32.    At no time was Plaintiff ever informed of his rights under the FMLA.

33.    On or about June 18, 2024, and June 19, 2024, Plaintiff was not at work because his wife required a medical procedure and Plaintiff was with her at the hospital.

34.    On or about June 20, 2024, Mr. Newman texted Plaintiff asking whether Plaintiff would be coming to work, and Plaintiff responded that he would be, as his wife was being discharged from the hospital.

35.    On or about June 24, 2024, Defendant terminated Plaintiff's employment, with Mr. Newman communicating that the stated reason was violating a "respect for others" policy relating to Plaintiff bringing Mr. Smith to Mr. Rogers and directing Mr. Smith to follow his lead's directives.

36.    Still, Plaintiff wasn't advised of his rights under the FMLA.

37.    Plaintiff contends the termination was abrupt and closely followed his communications to Defendant about his wife's serious medical conditions.

38.    Defendant was aware of his wife's medical condition and Plaintiff's potential need for leave, and that Defendant failed to inform Plaintiff of his rights under the FMLA.

39.    Defendant did not take steps to accommodate Plaintiff in connection with his wife's disability/perceived disability, but instead, terminated Plaintiff within weeks of Plaintiff informing Defendant's management of his wife's cancer and lupus diagnoses.

40.    Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

41.    Plaintiff seeks all available remedies including but not limited to a declaration from this Court that Defendant has violated the FMLA, ADAA, and FCRA; an order awarding lost wages, benefits and other compensation; an order awarding all actual monetary losses suffered as a result of Defendant's conduct, as well as liquidated damages, per se and post judgment interest and his attorneys' fees and costs.

### COUNT I – DISCRIMINATION UNDER THE ADAAA

42.    Plaintiff realleges and adopts the allegations of Paragraphs 1-41 above as if fully set forth herein.

43.    Plaintiff's wife was a qualified individual with a disability or perceived disability.

44.    Defendant was aware of Plaintiff's relationship with his wife, a qualified individual with an actual or perceived disability.

6

45. Defendant were Plaintiff's employer as defined by the ADAAA.

46. Defendant discriminated against Plaintiff because of his wife's actual or perceived disability in violation of the ADAAA.

47. Defendant discriminated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendant of his wife's actual and/or perceived disability and request for reasonable accommodations.

48. Defendant had actual or constructive knowledge of the discriminatory conduct.

49. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

50. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

51. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

52. Defendant's violations of the ADAAA were willful.

53. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Punitive damages;

h.    Declaratory judgment that Defendant's practices violate the ADAAA;

i.    Costs and attorney's fees; and

j.    Such other relief as the Court may deem just and proper.

## COUNT II -
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

54.    Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-41 above as if fully set forth herein.

55.    Plaintiff's wife was a qualified individual with a disability.

56.    Defendant was aware of Plaintiff's relationship with his wife, a qualified individual with an actual or perceived disability.

57.    By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of his wife's disability/handicap or perceived disability/handicap in violation of the FCRA.

58.    Defendant knew or should have known of the discrimination.

59.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and

8

continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

    c.  Front pay and benefits;

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Punitive damages;

    h.  Costs and attorney's fees; and

    i.  Such other relief as the Court may deem just and proper.

**COUNT III**
**RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA**

60.    Plaintiff realleges and adopts the allegations of Paragraphs 1-41 above as if fully set forth herein.

61.    Plaintiff requested an accommodation under the ADAAA.

62.    Plaintiff engaged in protected activity when he informed Defendant of his wife's medical diagnoses and requested an accommodation to take time off for his wife's medical appointments under the ADAAA.

9

63. Plaintiff was terminated in retaliation for requesting an accommodation under the ADAAA.

64. This retaliation resulted in Plaintiff's termination.

65. By the conduct described above, Defendant retaliated against Plaintiff because he engaged in protected activity in violation of the ADAAA.

66. Defendant knew, or should have known, of the retaliation that Plaintiff was subjected to.

67. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Punitive damages;

i. Declaratory judgment that Defendant's practices violate the ADAAA;

j. Costs and attorney's fees; and

k. Such other relief as the Court may deem just and proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE FCRA**

68.    Plaintiff re-alleges and adopts Paragraphs 1 – 41 above as if fully set forth herein.

69.    Plaintiff is a member of a protected class under the FCRA because he engaged in protected activity.

70.    Plaintiff engaged in protected activity when he requested accommodation and informed Defendant of his wife's medical diagnoses under the FCRA.

71.    This retaliation resulted in Plaintiff's termination.

72.    By the conduct described above, Defendant treated Plaintiff differently than his co-workers who have non-disabled spouses, engaged in unlawful employment practices, and retaliated against Plaintiff because he engaged in protected activity in violation of the FCRA.

73.    Defendant knew, or should have known, of the retaliation, discrimination, and harassment that Plaintiff was subjected to.

74.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.  Back pay and benefits;

    b.  Interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Punitive damages;

h.  Costs and attorney's fees; and

i.  Such other relief as the Court may deem just and proper.

## COUNT V
## FMLA INTERFERENCE

75.  Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-41 above as if fully set forth herein.

76.  Plaintiff was an employee entitled to the protection of the FMLA.

77.  Defendant was Plaintiff's employer as defined by the FMLA.

78.  Defendant's actions interfered with Plaintiff's lawful exercise of his rights under the FMLA.

79.  At all times relevant to this action, Defendant interfered with Plaintiff's right to take FMLA leave by never informing Plaintiff of his federally protected right to take FMLA leave, which he was entitled to.

80.  Furthermore, Defendant never provided Plaintiff with any type of FMLA Rights and Responsibilities letter/notice either.

81.  The Defendant's actions constitute violations of the FMLA.

82.  The Defendant's violations of the FMLA were willful.

83. As a result of Defendant's unlawful actions, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

84. Plaintiff is entitled to recover his attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Liquidated damages;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

### COUNT VI - FMLA RETALIATION

85. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 – 41 above as if fully set forth herein.

86. Plaintiff was an employee entitled to the protection of the FMLA.

87. Defendant was Plaintiff's employer as defined by the FMLA.

88.    Defendant discriminated and/or retaliated against Plaintiff as it was aware of his right to take FMLA leave.

89.    Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct Plaintiff was subjected to.

90.    The Defendant's actions constitute violations of the FMLA.

91.    The Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

92.    Defendant's retaliatory acts and omissions occurred, at least in part, because of Defendant's notice of Plaintiff's right to take FMLA leave.

93.    Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

94.    As a result of Defendant's actions, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

95.    The Defendant's violations of the FMLA were willful.

96.    Plaintiff is entitled to recover his attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

14

    d.  Compensatory damages for emotional pain and suffering;

    e.  Injunctive relief;

    f.  Prejudgment interest;

    g.  Liquidated damages;

    h.  Costs and attorney's fees; and

    i.  Such other relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 1st day of May, 2026.

**/s/ Gregory R. Schmitz**
Gregory R. Schmitz, Esq.
Florida Bar No.: 0094694
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.:  (407) 418 2079
Facsimile:  (407) 245-3390
Email:    gschmitz@forthepeople.com
          kpatel@forthepeople.com
          tbolling@forthepeople.com
          mbarreiro@forthepeople.com
*Attorney for Plaintiff*